IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

ABSTRACT BUSINESS ADVISORS, LLC,

    Plaintiff,

v.

CURO HEALTH SERVICES, INC.,

    Defendant.

Civil Action No. 5:12-cv-00116-RLV-DSC

## AGREED PROTECTIVE ORDER

AND NOW, this 12th day of April, 2013, it is hereby STIPULATED and AGREED between Plaintiff Abstract Business Advisors, LLC and Defendant Curo Health Services, LLC (jointly "the Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of confidential information and documents produced by the Parties in the above-captioned matter ("this Litigation"):

    1.    "Confidential Information" shall mean any and all information produced in the course of discovery or trial which a party deems to contain confidential information that is not publicly available (including but not limited to confidential business, technical, or commercial or information) and which is designated by such party as "Confidential" pursuant to the terms and mechanisms of this Confidentiality Agreement and Protective Order (the "Protective Order").

    2.    "Highly Confidential Information" shall mean any and all information produced in the course of discovery or trial which a party deems to contain non-public information that constitutes highly-confidential business or technical information, which a party reasonably believes to be highly sensitive because it contains trade secrets or other proprietary, technical,

financial, or competitive information, and which is designated by such party as " Highly Confidential-Attorneys' Eyes Only" pursuant to the terms and mechanisms of this Protective Order.

3. To assert a claim that information is "Confidential" or "Highly Confidential" the parties shall designate the whole or any part of any documents as such by stamping or imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," upon every page of the produced copies of the document at the time of production. Such designations shall be utilized in good faith and only for such matters as documents disclosing proprietary business and financial information or other highly sensitive information. In the case of deposition testimony, confidentiality designations may be made during the deposition and in any event shall be made within thirty (30) days after the transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s).

4. In the event that the producing person inadvertently fails to designate discovery material as "Confidential" or "Highly Confidential" in this Litigation or any other litigation, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as "Confidential" or "Highly Confidential," subject to their right to dispute such designation in accordance with Paragraph 7 below. After such an assertion, each party shall affix the appropriate legend to each copy of the newly designated document or other information in its possession.

5. Materials designated as "Confidential" may only be disclosed or made available by the party receiving such information to the following individuals provided that such individuals are informed of the terms of this Protective Order:

    (a) the employees or officers of the Parties to this Litigation who are working with counsel in this Litigation and need to review the documents in order to provide assistance to counsel in this Litigation;

    (b) counsel of record and paralegals, investigators, consultants, or attorneys working with, retained, or employed by counsel of record in connection with this Litigation;

    (c) expert witnesses or consultants retained by the parties to assist in the preparation of the case;

    (d) the author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

    (e) any witness who is deposed under oath in this matter;

    (f) court reporters, videographers, or stenographers at depositions; and,

    (g) the Court.

6. Materials designated as "Highly Confidential" may only be disclosed or made available by the party receiving such information to the following individuals provided that such individuals are informed of the terms of this Protective Order:

    (a) counsel of record and paralegals, investigators, consultants, or attorneys working with, retained, or employed by counsel of record in connection with this Litigation;

    (b) expert witnesses or consultants retained by the parties to assist in the preparation of the case;

    (c) the author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

    (d) court reporters, videographers, or stenographers at depositions; and,

    (e) the Court.

7. The persons referred to under sub-paragraphs (a), (c), and (d) of Paragraph 6 and sub-paragraphs (b) and (c) of Paragraph 7 shall be furnished "Confidential" or "Highly Confidential" information only after they have agreed in writing, in the form annexed hereto as "Exhibit A", to be bound by the terms of this Protective Order. Outside counsel for the Parties shall maintain copies of the aforementioned written agreements.

8. In the event counsel for the party receiving materials designated as "Confidential" or "Highly Confidential" objects to the designation, said counsel shall advise the party producing the materials, in writing, preferably by facsimile or electronic mail, of such objection and the reasons therefor. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt to resolve the dispute within five (5) business days. If the dispute cannot be resolved among counsel, the party objecting to the designation of a document as "Confidential" or "Highly Confidential" shall submit a motion objecting to such designation with the Court. The burden to sustain the designation "Confidential" or "Highly Confidential" is upon the designating party.

9. In the event that any "Confidential" or "Highly Confidential" information is used for, or discussed in, or attached to any pre-trial discovery or used in Court, the parties agree that any and all such materials shall be deemed "Confidential" or "Highly Confidential" and may only be reviewed by the persons designated in Paragraphs 6 or 7 above. Pages in deposition transcripts that discuss documents marked "Confidential" or "Highly Confidential" shall have the same designation as those documents.

10. Any non-party may subscribe to the terms and protections of this Protective Order by designating discovery materials that the non-party is producing (whether written documents, deposition testimony or other) "Confidential" or "Highly Confidential" as set forth above.

4

11. No disclosure shall waive any rights or privileges of any party granted by this Protective Order.

12. This Protective Order shall not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order imply that discovery material designated as "Confidential" or "Highly Confidential" under the terms of this Protective Order is properly discoverable, relevant, or admissible in this Litigation or any other litigation.

13. The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.

14. The terms of this Protective Order shall survive and remain in effect after the termination of this Litigation. The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential or Highly Confidential Information, through inadvertence or otherwise, after the conclusion of this Litigation.

15. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. Upon notice from the party that inadvertently produced the privileged or protected documents or information, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the

request to return or destroy them. The party returning such material then may promptly move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16. This Protective Order does not restrict or limit the use of Confidential or Highly Confidential Information at any hearing or trial. However, in the event a Party in this Litigation or a third-party wants to file with or submit to the Court any Confidential or Highly Confidential Information, that party shall first seek permission from the Court to file or submit said Confidential or Highly Confidential Information under seal.

17. This Protective Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Protective Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this Litigation in which such information was not designated as "Confidential" "Highly Confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment, or where there has been a final judgment (including any appeal therefrom) declaring that such information or documents are not confidential.

18. No later than within thirty (30) days after the termination of this Litigation, whether by adjudication on the merits, settlement, or otherwise, all Confidential or Highly Confidential Information, all copies thereof, all extracts, tabulations and compilations, thereof, in any form whatsoever, shall be returned to counsel for the party that originally produced it. Alternatively, the Parties may agree in writing upon appropriate methods of destroying documents containing Confidential or Highly Confidential Information so that third parties cannot learn that information. This provision shall not require the Court's return of any documents filed with the Court.

6

Case 5:12-cv-00116-RLV-DSC   Document 21   Filed 04/12/13   Page 6 of 10

**SO ORDERED**.

Signed: April 12, 2013

*[signature]*
David S. Cayer
United States Magistrate Judge

**CONSENTED TO**:

---

Andrew L. Fitzgerald, N.C. State Bar # 31522
Strauch Fitzgerald & Green, P.C.
530 North Trade Street, Suite 303
Winston-Salem, NC 27101
336-725-8688
Fax: 336-725-8867
Direct Dial:     336-837-1062

Michael E. Lovins
Wilson Trosclair & Lovins, PLLC
901 South Mopac Expressway
Barton Oaks Plaza One, Ste. 300
Austin, TX  78746
Telephone:     512-535-1649
Fax             512-519-1238

*Attorneys for Plaintiff Abstract Business Advisors, LLC*

---

Philip J. Mohr, N.C. State Bar #24427
Brent F. Powell, N.C. State Bar #41938
Jennifer B. Lyday, N.C. State Bar #39871
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3600
Facsimile:  (336) 721-3660

*Attorneys for Defendant Curo Health Services, LLC*

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

**ABSTRACT BUSINESS ADVISORS, LLC,**

 **Plaintiff,**

**v.**

**CURO HEALTH SERVICES, INC.,**

 **Defendant.**

Civil Action No. 5:12-cv-00116

## ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER

 I ,_____, hereby affirm that:

 1. Information, including documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as defined in the Agreed Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

 2. As a prior condition to me being permitted to receive, see, or review any Confidential or Highly Confidential Information, I have been give a copy of the aforementioned Agreed Protective Order, I have read it, and I agree to be bound by its terms.

 3. I understand that the Agreed Protective Order is a Court Order which is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for enforcement of any claimed violation of the terms of the Agreed Protective Order or this Acknowledgement, and agree that such jurisdiction shall survive the termination of this action.

4. I agree not to use any Confidential or Highly Confidential Information disclosed to me pursuant to the Agreed Protective Order except for purposes of the above-referenced litigation and not to disclose such information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or by Order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Agreed Protective Order and its binding effect on them.

5. I understand that I am to retain all documents or materials designated as Confidential or Highly Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential or Highly Confidential Information are to be returned to counsel who provided me with such documents and materials.

_____
SIGNATURE